UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.                                         Criminal No. 4:14-cr-000141-GHD-RP-16

MITCHELL VALENTINE, *et al.*                              DEFENDANTS

## OPINION AND ORDER DENYING DEFENDANT MITCHELL VALENTINE'S MOTION TO ALTER JUDGMENT

Defendant Mitchell Valentine is currently serving a federal sentence for conspiracy to commit kidnapping. At the time of the underlying offense, Valentine was on probation for a separate state offense. Because of the kidnapping, the state trial court revoked his probation for the prior offense, and Valentine served 38 months in state custody.

After his release, Valentine was indicted in this Court. After a plea of guilty, the Court sentenced Valentine to 235 months' imprisonment, which was subsequently reduced to 176 months' imprisonment.

During sentencing, Valentine requested that his federal sentence run concurrent with his prior state sentence, since, technically, he served that sentence because of the kidnapping. Thus, Valentine hoped to receive credit on his federal sentence for the 38 months he served in state custody prior to be indicted on the federal offense.

The Court agreed and during sentencing ordered the federal sentence to run concurrent with the state sentence. The written judgment reflected that order stating that "This sentence is ordered to run concurrently to any related state court incarceration." Judgement, Doc. 429 at 2.

Valentine has since been informed by the Bureau of Prisions that because the written judgment did not explicitly say that he was to receive credit for the 38 months he spent in state custody, he will not receive that credit. Thus, Valentine has filed a motion to alter

1

judgment, Doc. 698, asking this Court to enter an amended judgment reflecting that Valentine is to receive credit for time served.

Although the United States Attorney's Office has indicated that they do not oppose the request, the Court must still find authority to provide Valentine with the relief he seeks. Rule 36 of the Federal Rules of Criminal Procedure provides authority for amending judgments. It states that after giving appropriate notice, "the court may at any time correct a clerical error in a judgment." Fed. R. Crim. P. 36.

The Fifth Circuit has stated, however, that "[a] claim for time served prior to the date of a federal sentence is not a cognizable proceeding pursuant to Fed. R. Cim. P. 36." *United States. V. Mares*, 868 F.2d 151 (5th Cir. 1989). Instead the defendant must file a habeas corpus petition under 28 U.S.C. § 2241. *Id.* Accordingly, the Court cannot amend the judgment in the manner that Valentine seeks.

Further, even if the Court were to treat Valentine's motion as a § 2241 *habeas* petition, the Court still could not grant it. First, the Court is doubtful that it possesses any jurisdiction over the matter. Section 2441 petitions must be filed in the district where the claimant is incarcerated. *Ruthers v. Ortiz*, 30 F.3d 1490, 1994 WL 397670, at *3 (citing *Mares*, 868 F.2d at 151–152). Valentine has not alleged his current location, and the Court notes that there are no federal BOP facilities located within the Northern District of Mississippi.

Second, there is no indication that Valentine has yet exhausted his administrative remedies with the BOP. Federal inmates seeking credit for custody in state prison must utilize the BOP's administrative process prior to filing a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244, 132 S. Ct. 1463, 1473, 182 L. Ed. 2d 455 (2012).

Ultimately, this is an administrative matter that must be first resolved through the BOP's internal procedures and then, if applicable, through *habeas* proceedings in the district where Valentine is incarcerated. In either case, this Court is without jurisdiction to consider Valentine's request.

Accordingly, the Court ORDERS that Valentine's motion to alter judgment, Doc. 698, is DENIED.

SO ORDERED, this the 8th day of February, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE